[No. 8676. Department One. May 21, 1910.]

JULIA HOWELL *et al.*, *Respondents*, v. JOHN WINTERS, *Appellant.*[1]

ASSAULT AND BATTERY—CIVIL ACTION—DEFINITION—INSTRUCTIONS. An assault is sufficiently defined by an instruction to the effect that it may be found where one shook his fist in the face of another in such proximity that he could have struck such person, or near enough to produce a feeling on the part of such other person that he might be struck; the presence or absence of an assault depending more upon the apprehension created than the undisclosed intent.

SAME—JUSTIFICATION—INSTRUCTIONS. In an action for an assault committed in defendant's store, the right of the defendant to remove the plaintiff from the store is sufficiently stated in an instruction to the effect that defendant had a right to request the plaintiff to leave, and to use sufficient force to eject her, but that her refusal to leave would not justify an assault; especially where the assault was not committed in removing the plaintiff.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered December 29, 1909, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages for an assault. Affirmed.

*W. H. Abel*, for appellant.

*Morgan & Brewer*, for respondents.

RUDKIN, C. J.—On the 7th day of July, 1909, the plaintiff Julia Howell visited a store conducted by the defendant, John Winters, and his brother, in the city of Hoquiam, for the purpose of returning a corset purchased by her husband

[1]Reported in 108 Pac. 1077.

a few days before, and securing a return of the purchase price. The defendant and his brother denied that the purchase was made in their store, and refused to accept the corset or refund the money. In the controversy that arose between the parties over the return of the money, the plaintiffs contend that defendant assaulted the plaintiff Julia Howell and used vile and opprobrious language towards her, for which damages were sought in this action. The jury returned a verdict in favor of the plaintiffs in the sum of $1,200. On motion for a new trial, the court required them to remit the sum of $700 from the verdict, and, the remission being made, a judgment was entered for the residue, from which this appeal is prosecuted.

In its charge to the jury the court defined an assault as follows:-

"An assault is an action, or conduct, on the part of the defendant, for instance—if you believe her testimony that he shook his fist in front of her face angrily and unlawfully, when he was in such proximity to her, as that he could, or might have struck her, also near enough to produce a feeling on her part that she might be struck—that would be an assault. Then of course if he did strike her that would be an assault and battery. She may recover in case you only find assault, or in case you find assault and battery, if you find it was made unlawfully and under the circumstances I have mentioned."

Upon this instruction the first error is assigned. It may well be doubted whether an erroneous definition of the term assault would be prejudicial in this case, for all the testimony on the one side tended to show an actual battery, while the testimony on the other side tended to refute either an assault or a battery. But regardless of this, we think the definition as given is substantially correct. An assault was formerly defined by our statute as, "An attempt in a rude, insolent, and angry manner unlawfully to touch, strike, beat, or wound another person, coupled with a present ability to carry such attempt into execution." Rem. & Bal. Code.

§ 2746. This section was repealed by the new criminal code, and so far as we are able to discover, the term assault is not defined in the latter act. We must therefore look to the common law for a definition. Cooley defines the terms thus:

"An assault is an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented. Such would be the raising of the hand in anger, with an apparent purpose to strike, and sufficiently near to enable the purpose to be carried into effect; the pointing of a loaded pistol at one who is within its range; the pointing of a pistol not loaded at one who is not aware of that fact and making an apparent attempt to shoot; shaking a whip or the fist in a man's face in anger; riding or running after him in threatening and hostile manner with a club or other weapon; and the like. The right that is invaded here indicates the nature of the wrong. Every person has a right to complete and perfect immunity from hostile assaults that threaten danger to his person; 'A right to live in society without being put in fear of personal harm.' " Cooley, Torts (3d ed.), p. 278. See, also, *Commonwealth v. White*, 110 Mass. 407; *Mailand v. Mailand*, 83 Minn. 453, 86 N. W. 445; *Morgan v. O'Daniel*, 21 Ky. Law 1044, 53 S. W. 1040. The presence or absence of an assault depends more upon the apprehension created in the mind of the person assaulted than upon the undisclosed intentions of the person committing the assault.

It is next contended that the court refused to define or explain the right the appellant would have to remove the respondent Julia Howell from his store. In this connection the court charged the jury as follows:

"I will instruct the jury that he would have a right to request her to depart, but the fact that she did not comply with the request would not justify him in making an assault. He might, after proper request, use sufficient force to put her out of the store; he would have a right to do that, but he would have no right to make an assault of the kind I have described nor an assault and battery as I have described."

It seems to us this charge is correct and was ample and

sufficient for the guidance of the jury. Furthermore, if an assault or an assault and battery was actually committed, there is no pretense that it was committed in the removal of this woman from the store.

It is lastly contended that the verdict is still excessive, but if we accept the testimony on the part of the respondents as true, the verdict as reduced by the trial court is sustained by competent and sufficient testimony. The judgment is therefore affirmed.

FULLERTON, GOSE, MORRIS, and CHADWICK, JJ., concur.