[No. 19729. Department Two. April 2, 1926.]

MARIE ALLEN, *Respondent,* v. ANNA HANNAFORD,
*Appellant.*[1]

[1] LANDLORD AND TENANT (118)—LIEN FOR RENT—PROPERTY LIEN-
ABLE. Rem. Comp. Stat. § 1203-1 expressly provides that a land-
lord shall have no lien for rent upon the property of tenants in
an apartment house used exclusively as a home or residence of
the tenant.

[2] ASSAULT AND BATTERY (A-1)—CIVIL LIABILITY—WHAT CONSTI-
TUTES ASSAULT. It constitutes an assault to point a pistol at
another threatening to shoot, even though such person may not
know whether it is loaded or not.

[3] SAME (5)—DAMAGES—AMOUNT AWARDED. A verdict for $750 for
assault by pointing a pistol at plaintiff and threatening to shoot,
held not excessive in view of its immediate effect and the nerv-
ous condition thereafter resulting.

Appeal from a judgment of the superior court for
King county, Honorable John S. Jurey, judge *pro
tempore,* entered June 20, 1925, upon the verdict of a
jury rendered in favor of the plaintiff, in an action for
damages. Affirmed.

*I. H. Randolph (Crandell & Crandell,* of counsel),
for appellant.

*Van C. Griffin,* for respondent.

MAIN, J.—By this action, the recovery of damages
is sought for assault. The cause was tried to the court
and a jury, and resulted in a verdict in favor of the
plaintiff in the sum of $750. Motions for judgment
notwithstanding the verdict and a new trial being made
and overruled, judgment was entered upon the verdict,
from which the defendant appeals.

The appellant was the owner and operator of the
Argonne Apartments in the city of Seattle. Respond-

[1]Reported in 244 Pac. 700.

ent, for approximately a year prior to April 29, 1924, had been a tenant in one of the apartments. On this day, the respondent had made arrangements to move to another apartment house. When the transfer men came after her furniture, the appellant appeared on the scene with a pistol in hand and threatened to shoot them full of holes, if they moved a single article belonging to the respondent. Soon thereafter, standing only a few feet from the respondent, she pointed the pistol at her face and threatened to shoot her. The appellant admitted that she had a pistol in her hand, but denied that she pointed it at the respondent and threatened to shoot. Subsequently the present action was begun.

[1] The appellant claims that she had a lien for the rent which was then due from the respondent and unpaid and therefore had a right to prevent the removal of the property from the premises. In this connection, reliance appears to be made upon Rem. Comp. Stat., § 1203-1, which covers generally the matter of liens for rent. The concluding sentence of the section, however, is:

"The provisions of this act shall not apply to, nor shall it be enforced against, the property of tenants in dwelling-houses or apartments or any other place that is used exclusively as a home or residence of the tenant and his family."

In what manner a landlord having a lien might prevent the removal of property, if he has such right, is not involved in this case and no opinion is expressed thereon.

[2] It is further contended that there is no showing that the pistol, which the appellant had in her hand when the assault was made, was loaded, and from this it is argued that, without such showing, a cause of action sufficient to go to the jury is not made out.

From the evidence as above indicated, the jury had a right to find that the appellant pointed the pistol at the respondent and threatened to shoot. So far as the respondent was concerned the appellant had the apparent ability to make her threat good. In *Beach v. Hancock*, 27 N. H. 223, it was said:

"One of the most important objects to be attained by the enactment of laws and the institutions of civilized society is, each of us shall feel secure against unlawful assaults. Without such security society loses most of its value. Peace and order and domestic happiness, inexpressibly more precious than mere forms of government, cannot be enjoyed without the sense of perfect security. We have a right to live in society without being put in fear of personal harm. But it must be a reasonable fear of which we complain. And it surely is not unreasonable for a person to entertain a fear of personal injury, when a pistol is pointed at him in a threatening manner, when, for aught he knows, it may be loaded, and may occasion his immediate death. The business of the world could not be carried on with comfort, if such things could be done with impunity."

Whether there is an assault in a given case depends more upon the apprehensions created in the mind of the person assaulted than upon what may be the secret intentions of the person committing the assault. In *Howell v. Winters*, 58 Wash. 436, 108 Pac. 1077, it was said:

"The presence or absence of an assault depends more upon the apprehension created in the mind of the person assaulted than upon the undisclosed intentions of the person committing the assault."

If the appellant pointed the pistol at the respondent and threatened to shoot this would constitute an assault, even though the respondent may not have known whether it was loaded.

[3]   Lastly, it is contended that the verdict is excessive, but this contention cannot be sustained. In *Winston v. Terrace,* 78 Wash. 146, 138 Pac. 673, a verdict of $2,000 was upheld where the defendant, at the point of a pistol, drove the plaintiff out of her home. The assault in that case may have been more aggravated than in the present one, but the verdict also was very much larger. In *Burger v. Covert,* 75 Wash. 528, 135 Pac. 30, Ann. Cas. 1915C 81, it was said:

"Manifestly, the injury received by a person assaulted by another is not necessarily all physical. The mental distress of the assaulted person may be, and often is, a very material portion of the injury flowing from such a wrong. That this portion of the injury is more or less aggravated by the accompanying words and demeanor of the one making the assault, must be apparent to all. To measure his damage by such a standard is not allowing him punitive or exemplary damage, but only allowing him compensation for injury actually received."

In the case now before us, there was evidence as to the immediate effect upon the respondent of the pointing of the pistol at her, with the threat to shoot, and her nervous condition thereafter as a result thereof.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.