[No. 24689. Department Two. December 11, 1933.]

W. S. ROBISON, *Appellant*, v. R. LAFORGE, *Respondent*.[1]

*Wright & Wright (Felix Rea,* of counsel), for appellant.

*Roberts, Skeel & Holman,* for respondent.

HOLCOMB, J.—Respondent, being dissatisfied with a financial investment of more than one thousand dollars made by appellant with funds entrusted to him by respondent, which respondent believed would be a total loss, on February 16, 1932, went to the office of appellant to seek an adjustment which would prevent loss. The details of their business affair are not necessary to recite, as they cannot affect this case; besides which, litigation is now pending between these parties to de-

[1]Reported in 27 P. (2d) 585.

termine the liability. Appellant invited respondent behind the counter in his office and to sit down in a customer's chair next to the desk of appellant. While respondent was peaceably and lawfully so situated, an altercation began which became heated and, ultimately, violent. Each party received some bodily injuries at the hands of the other.

Appellant sued respondent, alleging physical injuries and mental suffering, to the amount of five thousand dollars. Respondent denied liability, and, by cross-complaint, demanded damages for physical injuries and mental suffering in the sum of five hundred dollars. After a trial to the court without a jury, the trial judge accepted the version of two disinterested witnesses corroborating respondent, who were in the office of appellant at the time of the encounter, as business visitors, as to who began the assault.

According to their testimony, appellant first assaulted respondent with a large heavy camera in a leather case with the usual strap attached, which, upon the first swing at respondent, struck one guarding arm. It was swung again at respondent, who threw up both arms, which this camera struck, rebounded, and struck appellant over the right eye. Respondent stepped just outside the counter and stood there, still demanding an answer. After apparently abandoning an attempt to pick up a straight back chair to use as a weapon, or a missile, appellant seized a metal-faced name plate, reached across, and struck respondent on the head with it, which rather dazed respondent for a few seconds. When respondent had recovered, he again went inside the railing, and he and appellant "exchanged a few blows." Appellant kept "striking and clawing" at respondent until respondent struck him a blow with his fist which knocked appellant against a flat top desk

so that the side of his face and head hit the desk. At no time did respondent use anything but his fist in striking appellant.

The trial judge having seen and observed all the witnesses, and certified to the credibility of those disinterested witnesses, and found in favor of respondent, we are bound thereby. Hence, it is an established fact that appellant was the aggressor, and that all that respondent did when first assailed with the camera was to ward it off, as was his legal right. At that time appellant was "hoist by his own petard." Respondent then could have peaceably withdrawn; instead of which, he remained to insist that appellant give an answer to his demand.

Appellant admits in his brief that the version of respondent as to who was the aggressor in the first encounter, is supported by the greater number of witnesses. He contends, however, that, after the first encounter, and when respondent had an ample opportunity to leave that part of the office where the fight took place, he remained and became the aggressor in the second attack, by striking appellant a great number of blows with such force as to break his nose and cause other injuries.

As to the injuries to both appellant and respondent, the trial judge declared that he was not satisfied by any preponderance of the evidence that appellant's physical condition was due to that encounter; nor that the injuries therefrom were as severe as claimed by appellant. Neither was he satisfied from any preponderance of the evidence that respondent had been injured. Consequently, he refused to allow either party damages, dismissed the complaint of appellant, and denied the claim for damages in the cross-complaint of respondent.

Appellant contends that, even though the par-

ties engaged in mutual combat, where excessive force was used unnecessarily by one or the other, the one who is injured by such unnecessary excess of force is entitled to damages for his injuries.

*Milam v. Milam,* 46 Wash. 468, 90 Pac. 595, is cited to sustain that contention. That case apparently was determined on the theory that excessive force was used, although it was a mutual combat. In *Hart v. Geysel,* 159 Wash. 632, 294 Pac. 570, we held that one who engaged in prize fighting, even though prohibited by positive law, and sustained an injury, had no right to a recovery of any damages sustained as the result of such combat, which he expressly consented to and engaged in as a matter of business or sport.

Neither the *Milam,* nor the *Hart* case, *supra,* has any controlling influence upon this case. According to the facts found, this was not a mutual combat, nor a prize fight, but was an unprovoked attack by appellant, as aggressor, upon respondent.

The law of self-defense is the law of self-preservation. It applies in civil, as well as in criminal, cases. When attacked, one has the right to defend himself, to resist force with force, to the extent of what then appeared to be the apparent danger to the one attacked. *State v. Miller,* 141 Wash. 104, 250 Pac. 645. In other words, the law is indifferent to the exact extent of the force used to repel or resist an attack by another upon his person, if there is apprehension, on the part of the one assaulted, of immediate bodily harm. The one attacked need not have been in actual danger of great bodily harm, but he was entitled to act on appearances. If he believed in good faith and on reasonable grounds that there was actual danger of great bodily harm, and acted as a reasonable and ordinarily cautious and prudent man would have acted under the circumstances as

they then appeared to the one assaulted, he was justified in defending himself. *State v. Miller, supra.*

It cannot be said that, when one is assaulted with a heavy instrument and again with another weapon, and defends himself only with his arms and his fists, the weapons given him by nature, he used more force than was necessary in defending against the assault.

Cases cited by appellant from this and other jurisdictions are not applicable to the situation here shown.

See, also, *Howell v. Winters,* 58 Wash. 436, 108 Pac. 1077; *Allen v. Hannaford,* 138 Wash. 423, 244 Pac. 700.

The facts preponderating in favor of the findings made by the trial court and supporting the judgment, they must be, and are, affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.