[No. 32204. Department Two. December 18, 1952.]

THE STATE OF WASHINGTON, *Respondent*, v. LEONARD
STEVENS, *Appellant*.[1]

*R. W. Green* and *David E. Rhea,* for appellant.

*Tom A. Durham* and *Jack Rowles,* for respondent.

OLSON, J.—This is an appeal from a judgment and sentence entered upon the verdict of a jury convicting defendant of the crime of assault in the second degree.

Briefly stated, the facts are as follows: A quarrel developed between defendant and his wife in their home, on an occasion when he had been drinking heavily. He struck his

[1]Reported in 251 P. (2d) 163.

wife with his open hand, and she ran out of the house. She testified that he had a 30-40 Krag rifle, and that she was afraid of him. After she had left the house and was some distance down the street, defendant went to the front porch and fired one shot from the rifle. There was evidence that the rifle was pointed in the direction of his wife when the shot was fired, and defendant's statement to the police was that he fired one shot to frighten her.

■ Defendant has assigned error upon the court's refusal to instruct the jury that, upon the evidence, it could find defendant guilty of the offense of assault in the third degree, contending that, when he struck his wife with his open hand, he committed that offense. We do not decide whether or not a separate charge would have been necessary in this case to sustain a conviction for the lesser crime. The trial court did give instructions to the jury pertinent to third degree assault, as if it were an included, and not a separate, offense. After the instructions were read to the jury, and upon the state's motion, made in the absence of the jury and before the final argument of counsel, the court decided to withdraw all reference to the lesser crime from the instructions. The jury was recalled and reinstructed in accordance with that change. No exception was taken by defendant to the instructions as finally given. In fact, he proposed an instruction that the only offense charged and which the jury could consider was assault in the second degree. Upon this state of the record, the instructions, as given, became the law of the case, and no error assigned to them can be considered. *State v. Norman,* 39 Wn. (2d) 575, 237 P. (2d) 194 (1951).

■ Defendant further assigns error upon the admission of the 30-40 Krag rifle in evidence, contending that it was obtained by a police officer by an illegal search of defendant's home, and, further, that its admission in evidence compelled defendant to give evidence against himself. Defendant made these objections during the trial, rather than by a motion to suppress before trial, because he claimed he had no knowledge that the police had the rifle until it was

produced in court. Before the production of the rifle, a written statement made by defendant, shortly after his arrest, to the effect that he had used this rifle and fired one shot to frighten his wife, had been introduced in evidence without objection by defendant. The rifle itself established no element of the offense which was not previously in evidence, and brought nothing into the case inconsistent with defendant's statement. Its admission in evidence, if erroneous (which we do not decide), was not prejudicial to defendant, and we need not consider the questions raised under these assignments of error. See concurring opinion of Steinert, J., in *State v. McCollum,* 17 Wn. (2d) 85, 91, 136 P. (2d) 165 (1943).

■ Defendant made other assignments of error, including a claim of misconduct by the deputy prosecuting attorney who conducted the case for the state. However, as the state contends in its brief, no proper assignment of error was made by defendant upon these matters. Rule on Appeal 42(1) (f), 34A Wn. (2d) 45; Rule on Appeal 43, 34A Wn. (2d) Supp. For this reason, and upon their merits, these assignments are of no avail to defendant.

■■ The information is drawn in the language of the statute. RCW 9.11.020(4)° [*cf.* Rem. Rev. Stat., § 2414(4)]. This is a sufficient charge. There is evidence in the record to establish the essential elements of the crime charged, and to sustain the verdict of the jury, under the law of the case expressed in the instructions. We find no error in any ruling of the trial court upon which defendant can prevail on this appeal.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.

---

January 27, 1953. Petition for rehearing denied.