[No. 38850.    Department One.    April 27, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD EUGENE MILLER, *Defendant*, ROBERT JEROME RUDE, *Appellant*.*

*Fred Floch*, for appellant (appointed counsel for appeal).

*James R. Thomas* and *R. E. Young*, for respondent.

HILL, J.—The defendant-appellant, Robert Jerome Rude, and his companion had stolen a car and were riding in it when stopped by a state highway patrolman. The defendant admits hitting the patrolman in the "guts" while resisting apprehension or detention (the defendant said he was aiming at the solar plexus). The defendant then fled on foot.

*Reported in 426 P.2d 986.

The officer recaptured him. In a struggle for possession of the officer's gun, the defendant was accidentally shot in the shoulder. Thereafter the defendant secured possession of the gun.

The only conflicting testimony in the case centers around whether the defendant then pointed the gun at the officer. The officer said he did; the defendant said he did not. The jury believed the officer.

The confusing feature of this case is that there is evidence of two second-degree assaults: one, which the defendant admits, a violation of subsection 6, RCW 9.11.020[1] (committed with his fist before the defendant had the officer's gun and while attempting to escape); the other, which the defendant denies or says was not proven, a violation of subsection 4 of RCW 9.11.020[1], a threatening of the officer with the officer's gun.

The information charged one assault,[2] combining the methods set out in subsections 4 and 6 of RCW 9.11.020;

---

[1]"Every person who, under circumstances not amounting to assault in the first degree—

". . .

"(4) Shall wilfully assault another with a weapon or other instrument or thing likely to produce bodily harm; or

". . .

"(6) Shall assault another with intent to commit a felony, or to prevent or resist the execution of any lawful process or mandate of any court officer, or the lawful apprehension or detention of himself or another person; or

". . .

"Shall be guilty of assault in the second degree and be punished by imprisonment in the state penitentiary for not more then ten years or by a fine of not more than one thousand dollars, or by both." RCW 9.11.020.

[2]"That the said defendant, Robert Jerome Rude, in the County of Okanogan, State of Washington, then and there being did, on or about the 12th day of February, 1966, wilfully inflict grievous bodily harm upon one George Smith, a human being, with a weapon, and did wilfully assault George Smith, a human being, with a weapon, to wit: a .38 calibre pistol likely to produce bodily harm, and with intent to resist the lawful apprehension or detention of himself and another person, to wit: Ronald Eugene Miller, did assault the said George Smith, a human being, all contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Washington."

and the court's instruction No. 8[3] (to which no exceptions were taken), submitted the case to the jury on the basis that proof under either subsection 4 or 6 would support a verdict of guilty of second-degree assault.

■ There was no prejudice to the defendant because the assault under subsection 6, *i.e.*, with his fist while resisting apprehension or detention, was established by the defendant's own testimony; and the jury obviously found him guilty of the assault under subsection 4, *i.e.*, while he had possession of the officer's gun, as the jury made a special finding that the "Defendant *was* armed with a pistol at the time of the commission of the crime."[4]

The defendant urges that if he did point the gun at the officer, the state did not prove that it was a .38 caliber revolver as alleged in the information; did not prove that it was loaded; and did not prove any apprehension on the part of the officer. The defendant emphasized the latter by pointing out that the officer "jumped" him while he had the gun, and knocked it from his hand. The defendant testified that the officer then picked the gun up and handed it to a bystander and told him "to shoot the bastard [referring to the defendant] if he tries to get up."

■ If this statement of the defendant be accepted as true, it establishes that the officer believed the gun was

---

[3]"In connection with the Instruction just given you last foregoing, in order to convict the defendant, Robert Jerome Rude, of the offense charged in said Count II, it will be necessary for you to find from the evidence introduced here at this trial, beyond a reasonable doubt, that the prosecution has proven against the defendant the following: That said defendant, Robert Jerome Rude, in the County of Okanogan, State of Washington, then and there being, on or about the 12th day of February, 1966, did wilfully assault George Smith, a human being, with a weapon, or other instrument, likely to produce bodily harm, or with intent to resist the lawful apprehension or detention of himself or another person." (Instruction No. 8)

[4]This finding was pursuant to RCW 9.95.015, and its significance is that such a special finding coupled with the defendant's prior conviction of a felony, requires the Board of Prison Terms and Paroles to fix a minimum duration of confinement at not less than 7½ years. See RCW 9.95.040.

loaded when the defendant pointed it at him.[5] Apprehension of a person at whom a revolver is pointed may be inferred, unless he knows it to be unloaded.[6] *State v. McCollum*, 17 Wn.2d 85, 136 P.2d 165 (1943); *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 125 P.2d 681 (1942); *Allen v. Hannaford*, 138 Wash. 423, 244 Pac. 700 (1926).

■ The fact that an officer may have the courage and skill to disarm a person does not mean that he is devoid of apprehension when a gun is pointed at him. Such attributes of courage and skill are not confined to James Bond and other current film characters.

■ The description of the gun in the information as a .38 caliber revolver is surplusage, and the caliber of the gun does not need to be established. See RCW 10.37.056(4); *State v. Stevens*, 41 Wn.2d 694, 251 P.2d 163 (1952); *State v. Ramstad*, 132 Wash. 406, 232 Pac. 349 (1925). There was no necessity to introduce the gun in evidence.

Finding no merit in any of the contentions urged by the defendant, as appellant here, the judgment and sentence appealed from is affirmed.

FINLEY, C. J., WEAVER and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.

---

[5]This would comport with the regulations of the Washington State Patrol which require that "The issue side arm will be carried at all times when on duty. . . . All firearms shall be maintained in a clean and usable condition at all times."

[6]There are an amazing number of injuries and deaths caused by guns believed to be "unloaded."