191 P.3d 1270 (2008)
STATE of Washington, Respondent,
v.
Mark Kensley EATON, Petitioner.
No. 78970-3.
Supreme Court of Washington, En Banc.
Argued October 16, 2007.
Decided September 11, 2008.
David L. Donnan, Maureen Marie Cyr, Washington Appellate Project, Seattle, WA, for Petitioner.
King County Prosecutor's Office, James Morrissey Whisman, Seattle, WA, for Respondent.
*1271 MADSEN, J.
¶ 1 Mark Eaton was charged by amended information with possession of cocaine. Following his conviction, Eaton asserted that he was convicted of a crime with which he was not charged and that his conviction violates his constitutional rights to notice and due process. Based on the record, we agree with the Court of Appeals that Eaton was tried on an amended information charging possession of cocaine. Because he was convicted of possession of cocaine, we reject Eaton's contention that he was convicted and sentenced for a crime with which he was not charged and affirm the Court of Appeals. State v. Eaton, noted at 133 Wash.App. 1023, 2006 WL 1669800 (2006).

FACTS
¶ 2 Lake Forest Park police responded to a call on December 5, 2002, that a man, later identified as Mark Eaton, was disrupting traffic. Eaton was darting in and out of heavy traffic, yelling at drivers, and throwing debris at cars. After a struggle, police arrested him and took him to the station.
¶ 3 While in his holding cell, Eaton took a plastic bag out of his pants and tried to kick it down a drain. The officers stopped him before he could do so. Inside the bag they found an off-white substance, identified as amphetamine by a field test, but later correctly identified as crack cocaine.
¶ 4 On January 22, 2004, the State filed an information charging Eaton with one count of possession of a controlled substance in violation of former RCW 69.50.401(d) (1998). Amphetamine was the charged substance. On May 3, 2004, the first day of trial, the State moved to amend the information to charge possession of cocaine. The court granted the State's motion and the defendant was arraigned on the amended charge. Although the prosecuting attorney handed the amended information to the judge, it does not appear in the record.[1] The defendant was tried on the amended complaint, but the trial ended in a jury deadlock. The State elected to retry the defendant and a case scheduling hearing was set.
¶ 5 Due to confusion, the State rearraigned the defendant at the case scheduling hearing, mistakenly relying on the original information that charged possession of amphetamine. However, the only charge laid against the defendant at that time was contained in the amended information, which charged possession of cocaine. The State did not move to amend that information.
¶ 6 On July 27, 2004, the defendant moved to dismiss. At that hearing, defense counsel noted her client had been rearraigned at the May 18, 2004 case scheduling hearing on a different charge than he had been tried on. She conceded that the rearraignment had been a mistake but expressed concern that the defendant may have been misled about the crime he was charged with committing. The trial judge agreed, ruling that the rearraignment was an error and clarified that the defendant was charged with possession of cocaine pursuant to the amended information. The judge offered the defendant a continuance of the trial if he wished one. The defendant elected to proceed to trial and was convicted of possession of cocaine.

DISCUSSION
¶ 7 This court's decision in State v. Barnes, 146 Wash.2d 74, 43 P.3d 490 (2002), resolves this case. There the defendant was charged with assault in the third degree. In a pretrial proceeding the State moved to amend the information to add a second count charging resisting arrest. The motion was granted and the defendant was arraigned on the amended information. However, the amended information was not placed in the court file. The defendant proceeded to trial and was convicted of resisting arrest. He appealed, claiming that the trial court lacked subject *1272 matter jurisdiction over the charge of resisting arrest because the amended information was not filed in the court file. The State offered only that the information had been "lost."
¶ 8 This court rejected the defendant's argument. We observed that a superior court acquires subject matter jurisdiction in a criminal case upon the filing of an information and noted that the original information had been filed with the court. Id. at 81, 43 P.3d 490. We also noted that an information may be amended "at any time before verdict or finding if substantial rights of the defendant are not prejudiced" under CrR 2.1(d). Barnes, 146 Wash.2d at 81-82, 43 P.3d 490. Considering the plain language of that rule, we concluded that a properly amended information, even though not filed in the court file, is an effective information once it is "approved by the court, accepted by Petitioner at arraignment, and used by the trial court in presenting the case to the jury." Id. at 88, 43 P.3d 490.
¶ 9 Similar to Barnes, even though the amended information in this case was not in the court file, the trial court granted the motion to amend the charge to possession of cocaine, the defendant was arraigned on the amended charge, and the trial court used the amended information in presenting the case to the jury. Although there was a "rearraignment" on the "original" information, this procedure did not resurrect the original information or result in amending the amended information back to the original charge. State v. Navone, 180 Wash. 121, 123-24, 39 P.2d 384 (1934) (once the State formally amends the information, the new information stands in lieu of the original, which is deemed quashed, abandoned, or superseded). Thus, the amended information replaced the original information and operated as the effective information upon which the defendant was tried.
¶ 10 Following a mistrial, the defendant generally need not be rearraigned at a subsequent trial. State v. Whelchel, 97 Wash.App. 813, 819, 988 P.2d 20 (1999) (rearraignment not necessary when case is remanded for new trial). While the "rearraignment" in this case could have caused confusion as defense counsel noted, it did not alter the fact that the only existing, effective information charged the defendant with possession of cocaine. Because the trial court recognized the rearraignment error, clarified that the defendant was charged with possession of cocaine pursuant to the amended information, and offered the defendant a continuance, the defendant had constitutionally adequate notice of the crime with which he was charged.

CONCLUSION
¶ 11 Eaton was tried and convicted of the charge contained in the amended information, possession of cocaine, and he does not claim to have been misled by the unnecessary "rearraignment" on an uncharged crime. We affirm his conviction.
WE CONCUR: ALEXANDER, C.J., C. JOHNSON, CHAMBERS, OWENS, FAIRHURST, JJ., and BRIDGE, J.P.T.
J.M. JOHNSON, J. (concurring).
¶ 12 I agree with the majority that we should affirm Mark Eaton's conviction, but for a different reason. I would hold that the possession statute under which he was convicted (which has since been amended) did not make the type of drug an essential element of the crime. Whether the drugs were amphetamine or cocaine, as identified at different stages, made no difference to the "possession" charge. If a surplus allegation varies from information to conviction, the variance requires reversal only if the defendant cannot adequately prepare for trial or faces double jeopardy, neither of which Eaton can establish.
¶ 13 "In all criminal prosecutions, the accused shall enjoy the right to ... be informed of the nature and cause of the accusation...." *1273 U.S. CONST. amend. VI.[1] "In criminal prosecutions the accused shall have the right to ... demand the nature and cause of the accusation against him, [and] to have a copy thereof...." Wash. CONST. art. I, § 22.[2] A charging document is proper if it includes all the essential elements of the crime charged. State v. Kjorsvik, 117 Wash.2d 93, 101-02, 812 P.2d 86 (1991). The "essential elements" of a crime are "[t]he constituent parts of a crime ... that the prosecution must prove to sustain a conviction." BLACK'S LAW DICTIONARY 559 (8th ed.2004). A crime's essential elements, of course, depend on the criminal statute.
¶ 14 Before turning to the particular statute here, two of our holdings are useful. First, in State v. Miller, 71 Wash.2d 143, 426 P.2d 986 (1967), the State charged the defendant with two counts of assault with a deadly weapon after he punched a police officer, took his gun, and pointed the gun at him. The information alleged he assaulted the officer "`with a weapon, to wit: a .38 calibre pistol....'" Id. at 144 n. 2, 426 P.2d 986. The defendant argued his conviction was improper because the State did not prove that the pistol was, in fact, a .38. Id. at 145, 426 P.2d 986.
¶ 15 We rejected his argument. Id. at 146, 426 P.2d 986. We held the type of gun was a surplus fact, was not an essential element of the crime, and did not have to be proved. Id. As long as the State proved the defendant had a gun, it did not need to prove which kind, even though it alleged it in the information. Id.
¶ 16 In State v. Goodman, 150 Wash.2d 774, 779, 83 P.3d 410 (2004), prosecutors charged the defendant with possessing "meth" with the intent to deliver, meaning methamphetamine. The defendant did not challenge the information at trial but did so on appeal, claiming "meth" could be any number of illegal drugs. Id. at 778, 83 P.3d 410. We held the information charging intent to deliver must be specific only where the intent to deliver statute gave different punishments for different drugs. Id. It is constitutionally required that any fact increasing the statutory maximum be alleged and proved to a jury as an essential element of the crime. Id. "[T]he identity of the controlled substance is an element of the offense where it aggravates the maximum sentence...." Id. at 785, 83 P.3d 410 (emphasis added). Goodman affirmed the conviction, holding the information provided sufficient notice applying the liberal construction required when challenged first on appeal.
¶ 17 Taken together, Miller and Goodman support the following holding: if a crime can be committed in one of several ways, the information need only allege, and the State need prove, the specific way it was committed only where it affects the penalty facing the defendant.[3]
¶ 18 Here, the State charged Eaton with violating former RCW 69.50.401(d) (1998). The statute made it "unlawful for any person to possess a controlled substance." Id. The essential elements were (1) the defendant's possession (2) of a controlled substance. State v. Staley, 123 Wash.2d 794, 798, 872 P.2d 502 (1994). The statute punished possession with the same penalties, regardless of the type of substance possessed. Former RCW 69.50.401(d) (mandating a maximum five-year prison term and/or a maximum *1274 $10,000 fine for possession of any controlled substance.)[4]
¶ 19 Each information charging Eaton included allegations that he (1) possessed (2) a controlled substance. Those are the two elements of the crime. Since the State properly notified Eaton of the essential elements, whether alleging the controlled substance was amphetamine or cocaine, it listed the crime's essential elements. And since the type of drug did not affect the penalty Eaton faced, the information did not have to specify.[5]
¶ 20 The State did not have to include the type of drug in the information. However, it did so, at least once identifying the drug incorrectly. Our rule is clear. "[W]here unnecessary language is included in an information, the surplus language is not an element of the crime that must be proved unless it is repeated in the jury instructions." State v. Tvedt, 153 Wash.2d 705, 718, 107 P.3d 728 (2005). When a surplus allegation varies between the charging document and proof at trial, the variance requires reversal if it prejudices the accused either by misleading him in making his defense or by exposing him to double jeopardy. Id.; see also United States v. Miller, 471 U.S. 130, 135, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985); People v. Williams, 27 Cal.2d 220, 226, 163 P.2d 692 (1945); People v. Tanner, 142 Ill.App.3d 165, 169, 491 N.E.2d 776, 96 Ill.Dec. 497 (1986); Johnson v. State, 734 N.E.2d 530, 531 (Ind.2000); State v. Reed, 204 W.Va. 520, 524, 514 S.E.2d 171 (1999).
¶ 21 Nor can Eaton argue he was misled in preparing his defense. While the second arraignment information showed the controlled substance as amphetamine, Judge Carey made clear on July 27, 2004over four months before trialthat cocaine was the controlled substance. She offered Eaton a continuance to prepare his defense, an offer he declined. At that hearing, Eaton's counsel, admitted "realistically, I don't expect that the prosecutor is going forward on possession of methamphetamine." Report of Proceedings (July 27, 2004) at 3-4. The prosecutor offered to amend the information to read cocaine, but Judge Carey refused, believing it unnecessary. Eaton filed two pleadings before trial, both listing the charge as cocaine possession. One pleading even admits "Mr. Eaton's information was amended from Possession of Amphetamine to Possession of Cocaine." Clerk's Papers at 30. Finally, "the fact that an entire trial had already occurred when [Eaton] was preparing for this trial provides the best possible notice of precisely what was being argued." Hopper, 118 Wash.2d at 159, 822 P.2d 775. Eaton was not misled.
¶ 22 Nor does the variance expose him to double jeopardy. Eaton was not tried on an amphetamine charge.
¶ 23 The two essential elements of controlled substance possession were that (1) Eaton had possession (2) of a controlled substance. The State was not required to allege the type of controlled drug possessed. That the State did allege the drug type, and once did so incorrectly, requires reversal only if Eaton was misled in preparing his defense or faced double jeopardy. Since he was not misled and did not face double jeopardy, I concur that Eaton's conviction is valid.
SANDERS, J. (dissenting).
¶ 24 The majority affirms Mark Eaton's conviction for possession of cocaine essentially holding his rearraignment was of no significance to the charges pending against Eaton, and therefore he was tried and convicted of possession of cocaine, not amphetamine. Majority *1275 at 1272. The concurrence asserts the type of drug possessed was immaterial to the charge and therefore Eaton's conviction was proper, even if the rearraignment was effective. Concurrence at 1272. I disagree with both.
¶ 25 At his rearraignment Eaton was charged with possession of amphetamine but was convicted of possession of cocaine. The identity of the controlled substance is an essential element of a drug possession charge. Although Eaton was charged with possession of amphetamine, the State failed to prove this crime. Instead it chose to try to prove Eaton possessed cocaine. Since the State failed to prove he possessed amphetamine, Eaton's conviction must be reversed. Simple.

The rearraignment prior to retrial changed Eaton's charges
¶ 26 Arraignment is the legal procedure by which a defendant is formally presented with an information charging him with a crime and serves to notify the defendant of the charges pending. See 12 ROYCE A. FERGUSON, JR., WASHINGTON PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 1105, 236 (3d ed. 2004) ("Arraignment consists of calling the defendant before the court to ascertain his identity, to inform him of the charge against him, and to obtain his answer to the charge. The defendant's answer to the charge is his plea."). It is the information presented by the State at the arraignment which details the charge against the defendant. CrR 2.1(a)(1). This information and charge may be amended so long as it does not prejudice "substantial rights of the defendant." CrR 2.1(d).
¶ 27 Before Eaton was first tried, the State properly amended the information and rearraigned Eaton to charge him with possession of cocaine. After the first trial ended in a mistrial, Eaton was rearraigned using the original information, which charged Eaton with possession of amphetamine. This information was never amended nor was Eaton rearraigned.
¶ 28 The majority recognizes "there was a `rearraignment' on the `original' information"[1] but then incorrectly opines "the only existing, effective information charged the defendant with possession of cocaine."[2] In substance the majority gives effect to the rearraignment which charged possession of cocaine, but refuses to give effect to the subsequent arraignment which charged possession of amphetamine. Even the State recognized this information was effective to charge possession of amphetamine, as it unsuccessfully moved to amend the information to charge possession of cocaine prior to the second trial.
¶ 29 The majority rests its analysis on the belief that Eaton attempts to repeal the proper amendment of the information because the third arraignment was upon the original information. However, this is an incorrect understanding of the situation. Instead of "resurrect[ing] the original information,"[3] the arraignment prior to the retrial superseded the amended information, just as surely as the amended information superseded the original information. Whether the information used at the rearraignment was the original information or a new document is of no importance. Eaton was rearraigned and the information used at that rearraignment became the proper charging document.
¶ 30 To further support its decision that the rearraignment was inconsequential, the majority asserts "the defendant generally need not be rearraigned at a subsequent trial." Majority at 1272. Even if this is true, it does not change the fact that Eaton was rearraigned on an information charging Eaton with possession of amphetamine, not cocaine. This arraignment, like the prior arraignment, must be given effect. Because the rearraignment occurred, Eaton was charged with, and tried for, possession of amphetamine, not cocaine.

*1276 The identity of the controlled substance is an essential element of the crime

¶ 31 A defendant's right to be informed of all charges he will face at trial is guaranteed by the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution.[4] From these protections comes the well-established principle, "a criminal defendant may be held to answer for only those offenses contained in the indictment or information." State v. Fernandez-Medina, 141 Wash.2d 448, 453, 6 P.3d 1150 (2000). "A charging document is constitutionally sufficient ... only if it includes all `essential elements' of the crime...." State v. Goodman, 150 Wash.2d 774, 784, 83 P.3d 410 (2004) (quoting State v. Vangerpen, 125 Wash.2d 782, 787, 888 P.2d 1177 (1995)). "If the necessary elements are neither found nor fairly implied in the charging document, `[the court] presume[s] prejudice and reverse[s]....'" Id. at 788, 888 P.2d 1177 (quoting State v. McCarty, 140 Wash.2d 420, 425, 998 P.2d 296 (2000)).
¶ 32 The specific type of drug the defendant is accused of possessing is an essential element to the crime of possession of a controlled substance. Goodman held, "the State must allege the specific identity of [a] controlled substance" in the information because the specific identity of a controlled substance is an essential element of the crime. Id. at 787, 83 P.3d 410. Here, the State convicted Eaton of possession of cocaine, yet the information charged him with possession of amphetamine. Since this essential element was neither found nor fairly implied in the information, reversal of Eaton's conviction is required.
¶ 33 The concurrence, however, opines the type of drug possessed is not an essential element of the crime. Under the concurrence's novel view the drug possessed is an essential element only if it affects the resulting penalty faced by the defendant[5] or is a statutory element of the crime. Concurrence at 1273-74 (stating if a crime can be committed in one of several ways, the information need only allege, and the State need only prove, the specific way it was committed if it affects the penalty facing the defendant). According to the concurrence since cocaine and amphetamine carry the same statutory maximum, the drug type is not an element of the crime. But to reach this conclusion, the concurrence incorrectly conflates State v. Miller, 71 Wash.2d 143, 146, 426 P.2d 986 (1967) with Goodman, 150 Wash.2d 774, 83 P.3d 410, while ignoring State v. Johnson, 119 Wash.2d 143, 829 P.2d 1078 (1992).
¶ 34 Miller held the description of the gun in an information charging assault with a deadly weapon was superfluous. Miller, 71 Wash.2d at 146, 426 P.2d 986. As long as the State could prove there was a gun, it did not need to prove the specific type because the specific type of gun is not an essential element of the crime charged. Id.
¶ 35 Goodman expressly held:
[S]quarely before us is whether the State must allege and prove the specific identity of the controlled substance or whether the State must prove the substance is merely a controlled one. We conclude ... the State must allege the specific identity of the controlled substance.
Goodman, 150 Wash.2d at 787, 83 P.3d 410. In dicta, however, Goodman stated, "the identity of the controlled substance is an element of the offense where it aggravates the maximum sentence...." Id. at 785, 83 P.3d 410. The concurrence mistakes this dicta for the holding. Moreover even if the identity of the substance is an element when it aggravates the sentence, that is not to say it is not an element when it does not aggravate the sentence.
*1277 ¶ 36 The concurring opinion in Goodman confirmed this understanding and agreed "with the majority that the specific substance alleged must be specifically charged." Id. at 791, 83 P.3d 410 (Chambers, J., concurring). Goodman does not require an increase in the resulting penalty for the drug type to be an essential element, but instead "the specific identity of the controlled substance" is always an essential element to be included in the information. Id. at 787, 83 P.3d 410.
¶ 37 Additionally, the concurrence here incorrectly concludes an element which is not statutorily required can be an essential element only if it increases the resulting penalty. But essential elements are not so limited. In Johnson we held an essential element not required by the charging statute must nevertheless be included in the information. Johnson, 119 Wash.2d at 147, 829 P.2d 1078. To reach this conclusion we did not address whether the element increased the resulting punishment. The relevant statute in Johnson[6] did not require guilty knowledge as an essential element of unlawful delivery of a controlled substance, just as the relevant statute here[7] does not require the identity of the drug as an essential element of possession in this case. Id. at 146, 829 P.2d 1078. However, in Johnson we concluded the charging documents must specify guilty knowledge because it was an essential element of the crime arising from common law. Id. Similarly, here the identity of the drug Eaton was charged with possessing is not an element under the charging statute, but is an essential element of the crime under Goodman and therefore must be included in the information. Goodman, 150 Wash.2d at 787, 83 P.3d 410.

The State's failure to prove an essential element of the charged crime requires reversing Eaton's conviction
¶ 38 The concurrence concedes there was error which may require reversal because the State misidentified the drug in the information. But the concurrence asserts a variance between the information and conviction renders the information defective and requires reversal if the faulty information "prejudices the accused either by misleading him in making his defense or by exposing him to double jeopardy." Concurrence at 1274 (citing State v. Tvedt, 153 Wash.2d 705, 718, 107 P.3d 728 (2005)). However, unlike Tvedt there is no allegation here that the information failed to include all the essential elements of a crime.[8] By relying on Tvedt the concurrence fails to recognize that Eaton's information was not defective but rather appropriately charged Eaton with possession of amphetamine. The information was complete in all respects and charged Eaton with a crime which the State did not prove and the jury did not consider. In other words, the problem with Eaton's conviction stems not from the information, which was effective, but rather from the State's failure of proof and the jury instructions.
¶ 39 Although Eaton was charged only with possession of amphetamine, the State attempted to prove Eaton possessed cocaine. Fundamentally "[t]he State must prove every essential element of a crime beyond a reasonable doubt for a conviction to be upheld." State v. Byrd, 125 Wash.2d 707, 713, 887 P.2d 396 (1995). Since the State failed to present any evidence Eaton possessed amphetamine, an essential element, Eaton's conviction was without factual support.
¶ 40 In addition, the jury instruction used here also requires reversal of Eaton's conviction. A jury to-convict instruction must contain all essential elements of the crime to be adequate to support a conviction. State v. DeRyke, 149 Wash.2d 906, 910, 73 P.3d 1000 (2003). Reversal of conviction is required if *1278 the State is relieved of its burden to prove all elements based on the deficient instruction. State v. Brown, 147 Wash.2d 330, 339, 58 P.3d 889 (2002). Here, the jury instruction failed to require the jury to find that Eaton possessed amphetamine, an essential element of the crime.
¶ 41 Accordingly I dissent.
NOTES
[1] It appears Eaton does not challenge this amendment to the information, nor does he challenge the information leading to the first trial.
[1] The Fourteenth Amendment incorporates this provision against the states. See Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948).
[2] Article I, section 22 provides no broader rights than the federal Sixth Amendment. State v. Hopper, 118 Wash.2d 151, 157, 822 P.2d 775 (1992).
[3] Eaton cites State v. Severns, 13 Wash.2d 542, 125 P.2d 659 (1942) as to the contrary. There, the information alleged the defendant violated one section of the criminal statute, but the jury was instructed on another section. Id. at 548, 125 P.2d 659. The case dealt only with variation from the section alleged to another section, not on alternative ways of violating the same section. State v. Cooper, 26 Wash.2d 405, 414, 174 P.2d 545 (1946). Whether possessing cocaine, amphetamine, or 72 grams of marijuana, Eaton violated the same section of the criminal law, and so Severns is inapposite.
[4] The statute provided one exception by punishing possession of less than 40 grams of marijuana as a misdemeanor. See former RCW 69.50.401(e) (1998). Beyond that, it punished possession of all other drugs with the same penalties. Eaton never faced marijuana possession charges, and even if he did, the State alleged he possessed over 72 grams of it, leaving him outside the exemption.
[5] Of course, if the information wholly omitted it, Eaton could have requested a bill of particulars, asking which drug he was supposed to have possessed. CrR. 2.1(c).
[1] Majority at 1272.
[2] Majority at 1272.
[3] Majority at 1272.
[4] The United States Constitution states, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation...." U.S. CONST. amend. VI. The Washington Constitution states, "[i]n criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation against him...." and to have such information in writing. CONST. art. I, § 22.
[5] Although cocaine and amphetamine carry the same resulting penalty, the penalty varies for different types of controlled substances under former RCW 69.50.401 (1998).
[6] Former RCW 69.50.401(a) (1987).
[7] Former RCW 69.50.401(d) (1998).
[8] Moreover, because the type of drug possessed is an essential element of the criminal charge, if the concurrence were correct in analyzing this situation as a defective information, the appropriate rule is found in Johnson, 119 Wash.2d 143. 829 P.2d 1078. There we espoused a bright-line rule mandating dismissal of charging information which lacks an essential element where the defective information is challenged before a verdict is entered. Id. at 150, 829 P.2d 1078. Here, Eaton moved to dismiss before trial.