[No. 63252-9. En Banc.]
Argued May 16, 1996.    Decided July 18, 1996.

THE STATE OF WASHINGTON, *Respondent*, v. RONDO EASTMOND, *Petitioner*.

*Appelwick, Trickey & Lukevich, P.L.L.C.*, by *Michael J. Trickey* and *Peter M. Lukevich*, for petitioner.

*James H. Krider, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

DOLLIVER, J. — Defendant challenges for the first time on appeal a jury instruction's statement of the elements of second degree assault. Reconfirming our decision in *State v. Byrd*, 125 Wn.2d 707, 712, 887 P.2d 396 (1995), we hold the trial court's failure to provide a specific intent instruction constituted reversible error. We write particularly to clarify the two-step inquiry performed by an appellate court when considering a jury instruction error first raised on appeal.

This case arises from the conviction of Defendant Rondo Eastmond for second degree assault with a deadly weapon under RCW 9A.36.021(1)(c), which states:

A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:

. . . .

(c) Assaults another with a deadly weapon . . . .

The factual dispute at trial concerned whether Defendant pointed his gun menacingly at a restaurant cashier to demand she return his bottle of wine or whether he tried to check the weapon by handing her the butt of the gun.

The State proposed a jury instruction for two forms of assault: (1) an attempt to cause bodily injury by unlawful force, accompanied by the apparent present ability to cause such harm, and (2) an attempt to cause fear and ap-

prehension of bodily injury by unlawful force, regardless of any intent or ability to inflict injury. *See State v. Byrd*, 125 Wn.2d 707, 712-13, 887 P.2d 396 (1995). To prove assault by attempt to cause injury, the State must show specific intent to cause bodily injury but need not provide evidence of injury or fear in fact. *Byrd*, 125 Wn.2d at 713; *State v. Frazier*, 81 Wn.2d 628, 631, 503 P.2d 1073 (1972). Assault by attempt to cause fear and apprehension of injury requires specific intent to create reasonable fear and apprehension of bodily injury. *Byrd*, 125 Wn.2d at 713. A jury may infer specific intent to create fear from the defendant's pointing a gun at the victim, unless the victim knew the weapon was unloaded, but not from mere display. *State v. Miller*, 71 Wn.2d 143, 146, 426 P.2d 986 (1967); *State v. Karp*, 69 Wn. App. 369, 374-75, 848 P.2d 1304, *review denied*, 122 Wn.2d 1005 (1993); *State v. Murphy*, 7 Wn. App. 505, 511, 500 P.2d 1276, *review denied*, 81 Wn.2d 1008 (1972).

The current Washington Pattern Jury Instruction for assault reflects the necessity of a specific intent instruction:

> [An assault is [also] an act, with unlawful force, *done with intent* to inflict bodily injury upon another, tending, but failing to accomplish it, and accompanied with the apparent present ability to inflict the bodily injury if not prevented. [It is not necessary that bodily injury be inflicted.]]

> [An assault is [also] an act, with unlawful force, *done with the intent* to create in another apprehension and fear of bodily injury, and which in fact creates in another a reasonable apprehension and imminent fear of bodily injury even though the actor did not actually intend to inflict bodily injury.]

WPIC 35.50 (2d ed. 1994) (emphasis added); *see Byrd*, 125 Wn.2d at 711 n.2.

The trial court refused the State's assault instruction and instead instructed the jury:

## INSTRUCTION NO. 6

To convict the defendant of the crime of assault in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about the 30th day of September, 1988, the defendant intentionally assaulted [the victim] with a deadly weapon.

(2) That the acts occurred in Snohomish County, Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

## INSTRUCTION NO. 7

An assault is an intentional act, with unlawful force, which is capable of inflicting bodily injury upon another or is accompanied by the apparent present ability to inflict bodily injury upon another. It is not necessary that bodily injury be inflicted or that apprehension and fear of bodily injury be created in another.

## INSTRUCTION NO. 8

A person acts with intent or intentionally when acting with the objective or purpose to accomplish a result which constitutes a crime.

Clerk's Papers at 32-34. Defendant neither submitted a jury instruction on assault nor excepted the trial court's instruction.

For the first time on appeal, Defendant claimed the presentation of the elements of second degree assault in Instruction 7 contained two errors. Defendant primarily contended the trial court neglected to supply a specific intent instruction and thereby impermissibly relieved the

State of its burden to prove all material elements of the crime. In addition, Defendant maintained the trial court misstated the law of assault by attempt to cause fear by removing the element of fear in fact.

The Court of Appeals affirmed judgment, holding Defendant neither preserved his right to appeal Instruction 7 nor asserted a manifest error to permit an initial challenge on appeal. *State v. Eastmond*, No. 29520-9-I, slip op. at 4-5 (Wn. App. July 31, 1995). On the State's cross appeal, the court reversed Defendant's downward sentence. *Eastmond*, slip op. at 7. The Supreme Court granted Defendant's petition for discretionary review of his judgment. We now reverse.

■ Defendant faces two separate barriers to relief. First, to overcome the general bar to review of an issue first raised on appeal, the Court must apply the manifest error standard to determine whether Defendant's appeal achieves constitutional magnitude. *State v. Scott*, 110 Wn.2d 682, 684-85, 757 P.2d 492 (1988); RAP 2.5(a)(3); CrR 6.15(c). Only upon concluding review is appropriate will the Court decide if the error also provides grounds for reversal. *Scott*, 110 Wn.2d at 688.

By omitting an element of the crime of assault, the trial court here committed an error of constitutional magnitude. *State v. Johnson*, 100 Wn.2d 607, 623, 674 P.2d 145 (1983), *overruled on other grounds by State v. Bergeron*, 105 Wn.2d 1, 711 P.2d 1000 (1985); *State v. McCullum*, 98 Wn.2d 484, 487-88, 656 P.2d 1064 (1983); *State v. Peterson*, 73 Wn.2d 303, 306, 438 P.2d 183 (1968). We reject the State's characterization of the disputed error as located in the definition of assault and thereby falling short of the manifest error standard. *See State v. Fowler*, 114 Wn.2d 59, 65, 785 P.2d 808 (1990); *State v. Ng*, 110 Wn. 2d 32, 44, 750 P.2d 632 (1988). As we settled in *Byrd*, specific intent represents an "essential element" and its omission results in manifest error. *Byrd*, 125 Wn.2d at 713-14.

Nor do the instructions viewed as a whole cure the deficiency. *See State v. Benn*, 120 Wn.2d 631, 655, 845 P.2d

289, *cert. denied,* 114 S. Ct. 382, 126 L. Ed. 2d 331 (1993). Contrary to the State's assertions, Instruction 6, requiring a finding "the defendant intentionally assaulted," and Instruction 8, defining "intent," afford no further indication of the essential specific intent element. *See Byrd,* 125 Wn.2d at 714-15; *State v. Allen,* 101 Wn.2d 355, 359, 362, 678 P.2d 798 (1984); *Peterson,* 73 Wn.2d at 304-06.

■ ■ Upon deciding the error at issue rises to a constitutional level sufficient for review, we next examine whether the trial court committed reversible error to permit relief. *See Scott,* 110 Wn.2d at 688. By relieving the State of its burden of proving every essential element beyond a reasonable doubt, the omission of an element of the crime produces such a fatal error. *Byrd,* 125 Wn.2d at 714; *Allen,* 101 Wn.2d at 358.

Considering language nearly identical to Instruction 7, *Byrd* identified a second degree assault instruction lacking the element of specific intent as reversible error. *Byrd,* 125 Wn.2d at 713-14. As observed in *Byrd,* the omission of a specific intent instruction impermissibly allowed the jury to find the defendant guilty of second degree assault on the mere basis of his intentional drawing of the gun, a physical act he admitted, without finding any actual intent to injure or cause fear. *See Byrd,* 125 Wn.2d at 715; *see also Karp,* 69 Wn. App. at 374-75. The trial court here likewise committed reversible error by failing to provide a specific intent instruction.

We note the omission of a specific intent instruction generated the second error claimed by Defendant. Defendant argues Instruction 7 improperly eliminated the element of fear in fact from assault by attempt to cause fear: "It is not necessary that bodily injury be inflicted or that apprehension and fear of bodily injury be created in another." By failing to furnish a specific intent instruction, the trial court conflated the two attempt forms of assault. These two forms of assault, however, require inapposite elements of fear: although the State need not prove fear in fact to support a conviction for assault by attempt to

504

cause injury, fear is a necessary element of assault by attempt to cause fear. *See Byrd,* 125 Wn.2d at 712-13; *Frazier,* 81 Wn.2d at 631; *State v. Krup,* 36 Wn. App. 454, 458, 676 P.2d 507, *review denied,* 101 Wn.2d 1008 (1984); *Murphy,* 7 Wn. App. at 511; *see also* WPIC 35.50 (1994). Not only could the jury have misunderstood the distinct findings required for a conviction under each type of assault, but it also received an incorrect statement of the elements necessary for assault by attempt to cause fear.

Reversed.

DURHAM, C.J., and SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.