[No. 63959-1. En Banc.]
Argued October 23, 1996. Decided February 6, 1997.
THE STATE OF WASHINGTON, *Respondent*, v. SHELLEY SUE SMITH, *Petitioner*.

*In the Matter of the Personal Restraint of* SHELLEY SUE SMITH, *Petitioner*.

*Robert W. Huffhines, Jr.,* for petitioner.

*James J. Stonier, Prosecuting Attorney,* and *Stephen P. Scott* and *Winnie A. Clements, Deputies,* for respondent.

DOLLIVER, J. — Defendant, Shelley Sue Smith, challenges her conviction for conspiracy to commit first degree murder on the basis that the "to convict" instruction omitted an element of the crime and was thus constitutionally defective. Defendant was convicted of attempted murder of her fiancé, James Jeffers, and conspiracy to commit murder of her ex-husband, David Smith.

Defendant drove Jeffers to a remote area on Thanksgiving evening, 1992, where Jeffers was shot and seriously wounded by a third person. During the course of the investigation of the Jeffers shooting, Jeffers told police that Defendant had written him a letter pleading with him to help her get rid of her former husband, David Smith. Further investigation revealed that Defendant and David Smith had an ongoing custody dispute involving their daughter, Kendra.

Defendant's mother, Marjorie Franklin, cared for Kendra most of the time. Franklin frequently expressed intense hatred for David Smith. Jeffers told police that both Franklin and Defendant asked him to kill David Smith or find someone who would. He offered two acquaintances $500 to kill David Smith. Jeffers understood from Franklin that she would provide the money.

This appeal involves only the conviction for conspiracy to murder David Smith. On the conspiracy count, the information alleged that, with intent that conduct constituting first degree murder be performed, Defendant feloniously agreed with Jeffers, Franklin, and others unknown to engage in or cause the performance of such conduct and that one or more of them took a substantial step in the performance of such agreement.

The court's Instruction 13 says that, to convict Defend-

ant of criminal conspiracy, the following elements must be proved beyond a reasonable doubt: Between 1990 and November 1992, Defendant *"agreed with Marjorie Franklin and James Jeffers to engage in . . . the performance of conduct constituting the crime of Conspiracy to Commit Murder in the First Degree,"* the Defendant "made the agreement with the intent that such conduct be performed," and that "any one of the persons involved in the agreement took a substantial step in pursuance of the agreement . . . " Clerk's Papers at 32 (emphasis added). The court correctly defined "first degree murder" in a separate instruction. Clerk's Papers at 31. The court also correctly defined "conspiracy" (Clerk's Papers at 26), correctly defined "substantial step" (Clerk's Papers at 30), and instructed the jury to disregard any remark, statement, or argument that is not supported by the evidence or the law as given by the court (Clerk's Papers at 18).

The prosecutor referred to the conspiracy "to convict" instruction in closing argument and said, "[t]he agreement has to be with one or more to cause the death of" another person. Report of Proceedings at 303. The prosecutor argued the State had proven the Defendant conspired with Franklin and Jeffers to kill David Smith and had taken several substantial steps toward that goal by soliciting various people to kill him.

The jury found Defendant guilty on both counts. While Defendant's appeal was pending, Jeffers recanted his testimony and pleaded guilty to perjury. Defendant filed a personal restraint petition raising Jeffers' recantation as newly discovered evidence. The Court of Appeals agreed that an evidentiary hearing was needed on that issue, but otherwise rejected Defendant's challenges to her convictions. *State v. Smith*, 80 Wn. App. 462, 909 P.2d 1335, *review granted*, 129 Wn.2d 1019 (1996). Although the court agreed with Defendant that the instruction did not properly list all the elements of the offense, the court held that the instructions as a whole were adequate to advise

the jury of the conspiracy charge. *Smith*, 80 Wn. App. at 468-69.

I

Defendant contends that Instruction 13, the "to convict" instruction on the conspiracy charge, failed to list all of the elements of the crime and is thus constitutionally defective. Instruction 13 required the jury to find beyond a reasonable doubt that Defendant "agreed with Marjorie Franklin and James Jeffers to engage in . . . the performance of conduct constituting the crime of Conspiracy to Commit Murder in the First Degree[.]" Clerk's Papers at 32. Instead of listing the elements of conspiracy to commit first degree murder, the instruction described the even more inchoate crime of conspiracy to commit conspiracy to commit murder.

■ There is no dispute that the instruction is defective. The State concedes that the phrase, " 'crime of Conspiracy to Commit Murder in the First Degree' should have read, 'crime of Murder in the First Degree' since First Degree Murder was the subordinate crime of the alleged conspiracy." Supplemental Br. of Resp't at 1-2.

The Court of Appeals acknowledged that Instruction 13 was defective, but held that the instructions as a whole were sufficiently clear. *Smith*, 80 Wn. App. at 468. The court reasoned that, when read together, Instructions 7, 12, and 13 made it clear that murder was the subject crime of the conspiracy charge. *Smith*, 80 Wn. App. at 468. Instruction 7 defines criminal conspiracy as requiring the "intent that conduct constituting a crime be performed" and an agreement "to engage in or cause the performance of such conduct[.]" Clerk's Papers at 26. Instruction 12 defines murder in the first degree. Clerk's Papers at 31.

■ The Court of Appeals erred in looking to the other instructions to supply the element missing from the "to convict" instruction. We have held on numerous occasions that jurors are not required to supply an omitted element

by referring to other jury instructions. In *State v. Emmanuel*, 42 Wn.2d 799, 819, 259 P.2d 845 (1953), this court held that a "to convict" instruction must contain all of the elements of the crime because it serves as a "yardstick" by which the jury measures the evidence to determine guilt or innocence. The court emphasized that an instruction purporting to list all of the elements of a crime must in fact do so. *Emmanuel*, 42 Wn.2d at 819-20.

 Like the "to convict" instruction in *Emmanuel*, the instruction here is constitutionally defective because it purports to be a complete statement of the law yet states the wrong crime as the underlying crime which the conspirators agreed to carry out. The jury simply found, according to its instructions, that the Defendant and others agreed to conspire to commit murder, not that they agreed to commit murder. Although the difference between the two instructions may seem picayune, the jury has the right under *Emmanuel* to regard the "to convict" instruction as a complete statement of the law; when that instruction fails to state the law completely and correctly, a conviction based upon it cannot stand.

It cannot be said that a defendant has had a fair trial if the jury must guess at the meaning of an essential element of a crime or if the jury might assume that an essential element need not be proved. *State v. Johnson*, 100 Wn.2d 607, 623, 674 P.2d 145 (1983) (holding that the specific crime intended is not an "element" of burglary), *overruled on other grounds in State v. Bergeron*, 105 Wn.2d 1, 711 P.2d 1000 (1985). In this case, the jury was allowed to assume an essential element — that the conspirators agreed to commit the crime of murder — need not be proved.

## II

The State asserts that the error was harmless. An instructional error is presumed to have been prejudicial unless it affirmatively appears that it was harmless. *State*

*v. Wanrow*, 88 Wn.2d 221, 237, 559 P.2d 548 (1977). "A harmless error is an error which is *trivial*, or *formal*, or *merely academic*, and was not prejudicial to the substantial rights of the party assigning it, and *in no way affected the outcome of the case." Wanrow*, 88 Wn.2d at 237 (quoting *State v. Golladay*, 78 Wn.2d 121, 139, 470 P.2d 191 (1970)). Once an error is presumed to be prejudicial, it is the State's burden to show that it was harmless. *State v. Burri*, 87 Wn.2d 175, 182, 550 P.2d 507 (1976).

*State v. Aumick*, 126 Wn.2d 422, 894 P.2d 1325 (1995), is directly on point. In *Aumick*, this court held that the trial court's failure to instruct the jury that intent was an element of attempted rape was not harmless error. *Aumick*, 126 Wn.2d at 430. Responding to the State's argument that the error was harmless because other jury instructions correctly stated the law, the court stated, "[a] jury is not required to search other instructions to see if another element should have been included in the instruction defining the crime." *Aumick*, 126 Wn.2d at 431 (citing *State v. Stewart*, 35 Wn. App. 552, 667 P.2d 1139 (1983)). Similarly, in *State v. Stephens*, 93 Wn.2d 186, 191, 607 P.2d 304 (1980), this court held that an erroneous "to convict" instruction was not a harmless error because, although other instructions correctly stated the law, the court was unable to conclude that the erroneous instruction " 'in no way affected the outcome of the case.' " (Quoting *Wanrow*, 88 Wn.2d at 237.) This was especially true because, the "[i]nstruction . . . purported to set forth the elements of the crime, structuring the deliberations for the jury." *Stephens*, 93 Wn.2d at 191.

The State argues that the error is harmless because the defense was still able to argue its theory of the case to the jury, and counsel for both the defense and the prosecution discussed the elements of conspiracy during closing argument. In *Aumick*, the State similarly argued that the error was harmless because defense counsel was still able to argue its theory to the jury. *Aumick*, 126 Wn.2d at 431. The court held that this contention was without merit,

stating that the jury should not have to obtain its instruction on the law from arguments of counsel. *Aumick,* 126 Wn.2d at 431. The court pointed out that the trial court had specifically instructed the jury that it should " '[d]isregard any remark, statement or argument that is not supported by the evidence or the law as stated by the court.' " *Aumick,* 126 Wn.2d at 431 (quoting a jury instruction) (alteration in original). *See also State v. MacMaster,* 113 Wn.2d 226, 232, 778 P.2d 1037 (1989); *State v. Acosta,* 101 Wn.2d 612, 621-22, 683 P.2d 1069 (1984). An identical instruction was given here. Clerk's Papers at 18.

The instruction here, like the erroneous instructions in *Aumick* and *Stephens,* structured the jury's deliberations by purporting to set forth the elements of the crime. We can only assume that the jury relied upon the "to convict" instruction as a correct statement of the law. The jury was not required to search the other instructions to make sense of the erroneous "to convict" instruction, and we cannot assume that the jury attempted to compensate for the court's error by doing so. We, therefore, cannot say that the error was harmless.

Our holding today is in accord with prior cases out of this court holding that failure to instruct on an element of an offense is automatic reversible error. Recently, in *State v. Eastmond,* 129 Wn.2d 497, 503, 919 P.2d 577 (1996), we held that the omission of an element of the crime produces a "fatal error" by relieving the State of its burden of proving every essential element beyond a reasonable doubt. *See also State v. Byrd,* 125 Wn.2d 707, 713-14, 887 P.2d 396 (1995) (failure to instruct the jury on every element of the crime was reversible error because such an error relieves the State of its burden of proving every element beyond a reasonable doubt).

Several recent federal cases have similarly held that harmless error analysis does not apply to certain instructional errors that relieve the State of proving guilt beyond a reasonable doubt on every element of the crime. In *Sullivan v. Louisiana,* 508 U.S. 275, 278-82, 113 S. Ct. 2078,

124 L. Ed. 2d 182 (1993), the Supreme Court held that a faulty reasonable doubt instruction was not amenable to harmless error analysis. The Court explained that harmless error review looks not to whether a guilty verdict would have been rendered in a trial without the error, "but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *Sullivan*, 508 U.S. at 279 (emphasis added). The Court concluded, "There being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the *same* verdict of guilty-beyond-a-reasonable-doubt would have been rendered absent the constitutional error is utterly meaningless." *Sullivan*, 508 U.S. at 280 (emphasis added). A number of lower federal courts, applying this reasoning, have since held that the harmless error analysis does not apply when the trial court fails to instruct the jury on an element of the crime. *See United States v. David*, 83 F.3d 638, 647 (4th Cir. 1996); *United States v. DiRico*, 78 F.3d 732, 736-38 (1st Cir. 1996); *United States v. Pettigrew*, 77 F.3d 1500, 1511 (5th Cir. 1996).

We reverse the Court of Appeals and remand for a new trial on the conspiracy charge.

DURHAM, C.J., and SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.