**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eugene Arthur BROWN, Defendant–Appellant.**

No. 07–30070.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Dec. 14, 2007.

Ronald W. Skibbie, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Peter S. Schweda, Esq., Waldo & Schweda, Spokane, WA, for Defendant–Appellant.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER,* District Judge.

---

\* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern

MEMORANDUM **

Eugene Brown appeals the sentence imposed by the district court for his conviction by guilty plea of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court increased Brown's base offense level by four pursuant to U.S.S.G. § 2K2.1(b)(5) (2005) for use or possession of a firearm in connection with the commission of another felony offense, namely, second degree assault. Because this four-level increase may not have been warranted, we vacate the sentence and remand for resentencing after a determination as to whether the alleged victim of the assault did, in fact, apprehend imminent bodily harm as required by Washington law.

While a district court has the discretion to sentence outside the applicable Guidelines range, it must still calculate that range correctly. *See Gall v. United States,* 552 U.S. ——, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007) ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."). In Washington, an assault is committed "merely by putting another in apprehension of harm whether or not the actor actually intends to inflict or is incapable of inflicting that harm." *State v. Byrd,* 125 Wash.2d 707, 887 P.2d 396, 399 (1995) (quoting *State v. Frazier,* 81 Wash.2d 628, 503 P.2d 1073, 1076 (1972)). In addition to proving that the defendant intended to create an apprehension of immediate bodily harm in the victim, the prosecution must also prove that the victim did, in fact, apprehend such harm at the hands of the defendant. *State v. Eastmond,* 129 Wash.2d 497, 919 P.2d 577, 580

(1996); Wash. Pattern Jury Instr. Crim. 35.50 (2005).

While the district court did not err in concluding that Brown possessed the requisite *mens rea* to have committed second degree assault, the district court made no finding with respect to whether the victim, Damion Crawford, actually apprehended harm. Although there was some evidence to support such a finding, there was also evidence to the contrary. The Government asked Crawford: "So just to make this perfectly clear, if Mr. Brown had discharged that weapon, you feel the bullet would have struck your vehicle?" Crawford responded "Yes, I do." Crawford testified that he wasn't scared for his life, and that he thought Brown had told him that he would not harm Crawford in the presence of his son. Crawford also continued to follow Brown even after Brown pointed his firearm at Crawford's car.

Accordingly, because the district court may have erred in calculating the advisory Guidelines range, we vacate the sentence and remand for resentencing after a determination as to whether Crawford did, in fact, apprehend harm as required by Washington law.

VACATED and REMANDED.

---

District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.