MEMORANDUM ***
Eugene Brown appeals the factual finding made by the district court and the resulting reimposition of the same sentence, on limited remand from this court, for his conviction by guilty plea of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). We previously remanded the matter to the district court for it to determine whether the victim did in fact apprehend harm as required for a violation of assault in the second degree under Washington law, in order to justify the four-level increase in Brown’s base offense level under the advisory Sentencing Guidelines. United States v. Brown, 259 Fed.Appx. 944 (9th Cir.2007).
The factual finding made by the district court on remand, that the victim did apprehend harm, was not clearly erroneous. As we, noted in our first decision, there was evidence to support the finding.
Brown’s contention that he was denied allocution is unpersuasive. Even if we assumed that there is a right to allocution on such a limited remand — a question we do not decide — Brown was allowed to address the court. Indeed, the court heard Brown’s statement before it reimposed his sentence. Thus, the court’s adherence to the parties’ stipulation — that the court should resolve the factual issue on the existing record with no new submissions by either side — does not bear on Brown’s right to allocution.
By its own explicit terms, Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), did not overrule United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), or invalidate “the advisory system the Booker Court had in view.” Cunningham, 549 U.S. at 292,127 S.Ct. 856.
Application of the four-level enhancement was not inconsistent with United States v. Valenzuela, 495 F.3d 1127, 1134 (9th Cir.2007). Assault in the second degree, under Washington law, is not a firearms possession or trafficking offense. The presence of a firearm is not an element of that crime.
The remaining issues raised by Brown either were withdrawn or are irrelevant.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.