FILED
COURT OF APPEALS
DIVISION II

2014 MAY -6 AM 8: 31

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44665-1-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| JUSTIN J. SEABOLT, | |
| Appellant. | |

BJORGEN, J.—Justin Seabolt appeals from his conviction for bail jumping and from the sentence the trial court imposed.[1] He argues that the trial court (1) erred in the to-convict instruction it gave and (2) made a scrivener's error as to a term of community custody. The State concedes the second error. We affirm Seabolt's conviction and remand for correction of his sentence.[2]

On August 30, 2012, the State charged Seabolt with unlawful possession of methamphetamine. Seabolt was present in court for a pretrial hearing on November 20, 2012, and was given notice of another hearing set for December 10, 2012. He did not appear in the courtroom on December 10, 2012. The State amended its information to add a charge of bail jumping. As to the bail jumping charge, the State proposed the following instructions:

> Possession of a Controlled Substance (methamphetamine) is a class B or class C felony.
> To convict the defendant of the crime of Bail Jumping as charged in Count II, each of the following elements of the crime must be proved beyond a reasonable doubt—

---

[1] He does not appeal from his conviction for unlawful possession of methamphetamine.

[2] A commissioner of this court initially considered Seabolt's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

(1)     That on or about December 10, 2012, the defendant failed to appear before a court;

(2)     That the defendant was charged with a class B or class C felony;

(3)     That the defendant had been released by court order with knowledge of the requirement of a subsequent personal appearance before that court; and

(4)     That the acts occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Clerk's Papers (CP) at 47-48 (footnotes omitted).

Seabolt did not object to the to-convict instruction, but he did object to a State's motion in limine for the trial court to take judicial notice that unlawful possession of methamphetamine is a class B or class C felony. The court did not grant the motion in limine but did give the State's proposed instructions.

The jury found Seabolt guilty as charged. The trial court imposed concurrent 6-month terms of confinement, to be served in the Kitsap County Jail. It also checked a box ordering Seabolt, as an offender "sentenced to the custody of D[epartment] O[f] C[orrections] (total term of confinement 12+ months or more)" to 12 months of community custody. CP at 98.

First, Seabolt argues that the trial court erred in giving the to-convict instruction as to the bail jumping charge.[3] He contends that the classification of the underlying crime for which he had been charged is not an essential element of the crime of bail jumping, but that the particular underlying crime is an essential element of the crime of bail jumping. *State v. Williams*, 162 Wn.2d 177, 183-85, 170 P.3d 30 (2007); *State v. Pope*, 100 Wn. App. 624, 627, 999 P.2d 51

---

[3] The failure to include an essential element of a crime in a to-convict instruction is an error that can be raised for the first time on appeal. *State v. Mills*, 154 Wn.2d 1, 6, 109 P.3d 415 (2005).

(2000). Because the to-convict instruction did not contain the essential element of requiring the jury to find that he had been charged with the underlying crime of unlawful possession of controlled substances, Seabolt contends that his conviction must be reversed. The State responds that *Williams* and *Pope* are distinguishable and that having the jury find that the underlying crime is a class B or class C felony is sufficient.

In *Williams*, the bail jumping to-convict instruction required the jury to find that the defendant had been charged with possession of a controlled substance but did not require the jury to find that that crime was a class B or class C felony. 162 Wn.2d at 186-87. The Washington State Supreme Court held that while the classification of the crime was relevant to the punishment to be imposed upon a conviction for bail jumping, the classification of the crime was not an essential element of the crime of bail jumping, such that it needed to be included in the to-convict instruction. *Williams*, 162 Wn.2d at 188. It held that "a simple identification of the alleged crime is sufficient." *Williams*, 162 Wn.2d at 188.

In *Pope*, the bail jumping to-convict instruction required the jury to find that the defendant was under "the requirement of a subsequent personal appearance before that court *regarding a felony matter*" but did not further define the term "a felony matter." 100 Wn. App. at 629 (emphasis in original). This court held that an essential element of the crime of bail jumping "is that the defendant was held for, charged with, or convicted of a particular crime" and that reference to "a felony matter" was insufficient. *Pope*, 100 Wn. App. at 629-30.

Read together, it appears that *Williams* and *Pope* make the specification of the underlying alleged crime an essential element of the crime of bail jumping. As such, the court erred in instructing Seabolt's jury that it need only find that he had been charged with a class B or class C

3

felony. But we conclude that the error is harmless. A constitutional error is harmless when it appears beyond a reasonable doubt that the alleged error did not contribute to the verdict. *State v. Brown*, 147 Wn.2d 330, 341, 58 P.3d 889 (2002). The omission of an essential element from a to-convict instruction is harmless if the element is supported by uncontroverted evidence. *Brown*, 147 Wn.2d at 347. Here, the bail jumping to-convict instruction required the jury to find that Seabolt had been charged with a class B or class C felony. A separate instruction informed the jury that possession of controlled substances (methamphetamine) is a class B or class C felony. No evidence was presented as to any other controlled substance or any other class B or class C felony. In order to convict Seabolt of bail jumping, the jury necessarily had to find beyond a reasonable doubt that he had been charged with a class B or class C felony and that the particular class B or class C felony was possession of methamphetamine. Any error in the to-convict instruction in omitting the particular crime Seabolt was charged with was harmless.

Second, Seabolt argues that the trial court committed a scrivener's error by checking the box that ordered him to serve a 12-month term of community custody because he had been sentenced to serve 12 or more months in the Department of Corrections, when in fact he had been sentenced to serve only 6 months in the Kitsap County Jail. The State concedes that the court checked the incorrect box. We accept the State's concession and remand for correction of the scrivener's error.

We affirm Seabolt's conviction but remand for correction of his sentence.

4

No. 44665-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

HUNT, J.

JOHANSON, A.C.J.