# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53654-4-II |
| Respondent, | |
| v. | |
| JAMES SWANSON ROCHA, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — James Rocha appeals his bail jumping conviction. Rocha argues that the trial court violated his constitutional right to present a defense by excluding evidence that showed he was at the district court the same morning he failed to appear for a hearing at the superior court.

We hold that the trial court did not violate Rocha's constitutional right to present a defense, and the trial court did not abuse its discretion by excluding the evidence. Accordingly, we affirm.

## FACTS

Rocha was facing charges in superior court that are unrelated to this appeal. On March 6, 2019, the superior court held a hearing in Rocha's case at which Rocha appeared. At the hearing, Rocha's counsel asked for a continuance. The court granted a two week continuance. The court rescheduled the hearing for 10:30 a.m. on March 20, 2019. Rocha signed the resulting scheduling order, acknowledging that he received a copy of the order with the scheduled date and time.

Rocha did not appear at the March 20 hearing when his case was called, and Rocha's counsel had no information on why he was not there. The court issued a bench warrant, on which Rocha was later arrested. The State amended the information to add a count of bail jumping.

Rocha's case proceeded to trial. At trial, the State called Lindsey Millar, the deputy prosecuting attorney who represented the State at the March 20 hearing, to testify on the bail jumping charge. Millar testified that on March 20th Rocha's case was called at 11:48 a.m. and that it is not unusual to have a case called that late because the parties might be waiting for the defendant to appear.

During cross-examination, Millar testified that she had no independent recollection of Rocha's matter on March 20th. Millar acknowledged that she would not have recognized Rocha had he been in the courtroom on March 20th and that it was possible Rocha had been in the courtroom. Additionally, Millar testified that there can be 30 to 100 cases before the court in a day and that out of custody defendants are not always heard right away. Millar further explained that a defendant's attorney might not be present at the hearing precisely at 10:30 a.m. because the attorney is with a client who is in jail and is appearing at the hearing via video. Finally, although Millar explained that the court usually advises everyone present in the courtroom that they need to remain until their matter is heard, she could not remember if that instruction was given at the March 20 hearing.

The court admitted several exhibits. One exhibit was the order, signed by Rocha, continuing the hearing to March 20th. Another exhibit was the clerk's notes, which showed that Rocha did not appear when his case was called on March 20th.

After Millar's testimony, the court considered whether it should admit evidence from a witness and enter an exhibit that would have shown Rocha was at the district court at 11:53 a.m. on March 20th. Rocha explained that the district court and the superior court were in the same complex and argued that this evidence was relevant to the charge that Rocha failed to appear in superior court. Rocha explained that the evidence helped to show that Rocha could have been at his 10:30 a.m. hearing at the superior court but that he left before his case was called.

The court questioned the purpose of this information. The court also questioned whether Rocha was planning on "inviting the jury to confuse District Court with Superior Court," which Rocha denied. 2 Verbatim Report of Proceedings (VRP) at 201. The court asked for clarification and whether Rocha was going to be arguing that showing up at the courthouse complex alone was sufficient. Rocha explained that his defense would be that the State had failed to present sufficient evidence to show Rocha was not at his hearing and that Rocha was in the immediate area of the superior court around the time of his hearing.

The court again questioned whether Rocha was really asking the jury to infer that Rocha appeared at the superior court because he was at the district court. Again, Rocha denied that this was the purpose of the evidence and at this point acknowledged that "perhaps I'm not drawing that distinction well." *Id.* at 202. Rocha explained that his argument was not that the district court appearance met the superior court requirement. Instead, he was "arguing the State has to prove beyond a reasonable doubt that Mr. Rocha was not present in the courtroom at the time that his matter was called, [and] there's evidence suggesting that he was in the immediate area." *Id.* The court again noted that it seemed that Rocha was asking the jury to infer that Rocha's appearance at the district court meant he was at superior court at that time. Rocha responded he did not

3

"conceptualize it exactly in that way" and there is "more to it than just" being at a specific place at a specific time. *Id.* at 203. Rocha noted the evidence already admitted in the case showed that (1) Rocha was ordered to appear at court at 10:30 a.m., (2) his case was called after 10:30 a.m., (3) it is not unusual for cases to get called later, and (4) parties are not always present at the start of the calendar. Rocha concluded that this "set of circumstances does allow for argument about the failure to appear and whether or not it has been proven beyond a reasonable doubt." *Id.*

The court expressed concern that the evidence would have shown that Rocha was facing a charge of fourth degree assault in district court and that he was required to be at the district court earlier that same morning. According to the State, the evidence would have shown Rocha was actually at the district court to quash a warrant and it would have made the jury aware that Rocha failed to appear at a hearing at the district court as well.

The court found that the evidence was "very minimally relevant" because it only showed that Rocha was in the vicinity around the time he was supposed to be in superior court. *Id.* at 206. The court then weighed the relevance against any potential prejudice under ER 403. The court explained it was concerned that this evidence could confuse the jury into thinking that Rocha being in the district court building would satisfy his requirement to appear in superior court.

The court was also concerned that the jury might erroneously assume that because Rocha was required to be in district court on March 20th, he was excused from being at the superior court hearing. Concluding that the evidence should be excluded, the court noted that "at this point that the prejudice, the potential for speculation, the potential for confusion, as well as the potential prejudice to the parties outweighs the minimal relevance of the evidence." *Id.* at 207.

In closing argument, Rocha argued that Millar could not have identified Rocha if he had been at the March 20th hearing and that Millar had no independent recollection of the event. Rocha also noted that he could have been present at 10:30 a.m. at the hearing for up to an hour and 18 minutes before his matter was called. Finally, Rocha ended his closing argument on the bail jumping charge by pointing out that there was no evidence that he was not present at the specific time he was ordered to be there.

The jury found Rocha guilty of bail jumping.

Rocha appeals.

## DISCUSSION

### I. STANDARD OF REVIEW

Rocha argues that the trial court's decision to exclude evidence violated his right to present a defense. He contends this is a constitutional claim that should be reviewed de novo. The State, on the other hand, argues that this issue should be reviewed for abuse of discretion because it involves an evidentiary ruling under ER 403.

In *State v. Arndt*, our supreme court clarified the two-part analysis for determining whether the exclusion of evidence violates a defendant's constitutional right to present a defense. 194 Wn.2d 784, 797-98, 453 P.3d 696 (2019). "Appellate courts must not only review the trial court's evidentiary rulings for an abuse of discretion, but must also consider de novo, in every case where the right to present a defense is raised, whether those rulings deprived the defendant of their constitutional right to present a defense." *State v. Jennings*, 14 Wn. App. 2d 779, 788-89, 474 P.3d 599 (2020) (citing *Arndt*, 194 Wn.2d at 797-98; *State v. Darden*, 145 Wn.2d 612, 621-22, 41 P.3d 1189 (2002)). Although we generally address constitutional questions only when necessary, *Arndt*

requires that the constitutional question be analyzed even where the trial court did not abuse its discretion in making its evidentiary ruling. 194 Wn.2d at 812; *Jennings*, 14 Wn. App. 2d at 789. Thus, we address Rocha's constitutional claim first because if Rocha was deprived of his constitutional right to present a defense, there is no need to address whether a mere evidentiary error has occurred. *Jennings*, 14 Wn. App. 2d at 789.

If we find a constitutional violation, we then determine whether the error was harmless using the constitutional harmless error test. *Id.* If we conclude that Rocha was not deprived of his Sixth Amendment right to present a defense, or if we determine that the constitutional error was harmless, we then consider whether the trial court misapplied the evidentiary rules and thereby abused its discretion in excluding the evidence. *Id.* If we conclude that the trial court abused its discretion, we then consider whether the evidentiary error was harmless under the nonconstitutional harmless error test. *Id.*

## II. CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE

Rocha argues that the evidence establishing his whereabouts on the morning of March 20th was crucial to his defense. Rocha argues that this evidence, along with Millar's testimony that she would not have recognized Rocha if he had been at the hearing, creates a reasonable doubt about whether Rocha had in fact been at the superior court. The State responds that this evidence only invites the jury to speculate about where Rocha was. We agree with the State.

Criminal defendants have a constitutional right to present a defense. U.S. CONST. amend. VI; WASH. CONST. art. I, §§ 3, 22. However, because that right is not absolute, the reviewing court must balance the State's interest in excluding the evidence against the defendant's need for the information. *Arndt*, 194 Wn.2d at 812. Additionally, the defendant's right to present a defense is

not violated if the trial court's evidentiary rulings did not limit the defendant's ability to present his entire defense, and the defendant is still able to present his theory of the case. *Id.* at 814.

Here, Rocha was still able to advance his theory of the case. During his cross-examination of the deputy prosecutor who testified at trial, Rocha drew out her admission that she would not have recognized Rocha if he had been in the courtroom. Likewise, during closing argument Rocha highlighted his theory that he might have showed up at the superior court at 10:30 a.m. and left before his matter was called, and that the State had no evidence that Rocha was not at the superior court at 10:30 a.m.

Additionally, the evidence sought by Rocha did not even show that Rocha was in the correct building at the required time. Rather, the excluded evidence demonstrated only that Rocha was at a different building at the time his matter was called.

Rocha also contends that this evidence was relevant to prove that he did not "knowingly" fail to appear because a jury could conclude that he made a mistake and went to the wrong courtroom. Br. of Appellant at 11. However, Rocha does not point us to any place in the record showing that he made this argument to the trial court in support of his request to admit this evidence. Additionally, former RCW 9A.76.170 (2001),[1] the bail jumping statute that applies in Rocha's case, requires only that the defendant know about his obligation to appear and then fail to appear. A bail jumping charge does not require the defendant to knowingly disregard the obligation

---

[1] RCW 9A.76.170 was amended effective June 11, 2020. Former RCW 9A.76.170 (2001) was the correct version that Rocha was sentenced under. This amendment has no impact on this analysis.

to appear, as Rocha appears to argue in this case. *See State v. Carver*, 122 Wn. App 300, 306, 93 P.3d 947 (2004) (holding that "'I forgot'" is not a defense to bail jumping).[2]

Rocha has failed to show this information was crucial to his defense. Thus, we conclude that Rocha was not deprived of his Sixth Amendment right to present a defense.

### III. EVIDENCE RULE 403

Rocha argues that the trial court erred in determining the excluded evidence was only minimally relevant and that the evidence was outweighed by the potential for prejudice, speculation, and confusion. We disagree.

Under ER 403 a trial court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." A trial court abuses its discretion if the trial court applies the wrong legal standard or bases its ruling on an erroneous understanding of the law. *Arndt*, 194 Wn.2d at 799. We will "defer to [evidentiary] rulings unless 'no reasonable person would take the view adopted by the trial court.'" *State v. Clark*, 187 Wn.2d 641, 648, 389 P.3d 462 (2017) (internal quotation marks omitted) (quoting *State v. Atsbeha*, 142 Wn.2d 904, 914, 16 P.3d 626 (2001)).

Here, the trial court determined that the evidence showing that Rocha was at the district court was "very minimally relevant." 2 VRP at 206. Rocha claims that this evidence would have

---

[2] Rocha quotes to *State v. Pope's* recitation of the elements of bail jumping, including the "knowingly fail[s] to appear" element to support his argument. 100 Wn. App. 624, 999 P.2d 51 (2000); Br. of Appellant at 10. However, *Pope* was decided in 2000 under a former version of the bail jumping statute, which at that time included the language "knowingly fails to appear." Former RCW 9A.76.170 (1983); *Pope*, 100 Wn. App. at 626-27. Therefore, *Pope* is not controlling in this case.

allowed the jury to infer that Rocha was at the hearing. However, the evidence did not show that Rocha had been at the superior court as required. As the trial court correctly concluded, the evidence showed only that, at most, Rocha was in the general area at a different court building around the same time he was supposed to be at his superior court hearing.

Rocha also argues that the trial court was improperly concerned that the evidence might confuse the jury. Rocha contends that lay people understand the difference between superior court and district court, and thus the jury would not have been confused.

However, the court's concern was not whether lay people understand the difference between the two courts. Instead, the court was concerned that the evidence could cause the jury to infer that being in the district court building would satisfy the requirement to appear in superior court or that the requirement to be in the district court would have excused Rocha's requirement to be in superior court. The court was also concerned that the evidence would lead the jury to speculate that Rocha had been at the superior court before going to the district court when the evidence did not support that theory. Despite being given multiple opportunities to do so, Rocha failed to explain how this evidence would support his argument that he could have appeared in superior court at 10:30 a.m. as required.

We conclude that the trial court properly weighed the relevance and probative value of the proposed evidence. The trial court also properly weighed whether the confusion and speculation outweighed the probative value. Given Rocha's inability to clearly articulate the reason this evidence was necessary, other than to allow the jury to engage in speculation, the trial court did not abuse its discretion in concluding that the evidence had minimal relevance and was outweighed by its potential to confuse and mislead the jury.

9

We hold that the trial court did not abuse its discretion by excluding the evidence.

CONCLUSION

We hold that the trial court did not violate Rocha's right to present a defense, nor did the trial court abuse its discretion when it excluded Rocha's proposed evidence. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, J.

SUTTON, A.C.J.