**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

February 8, 2022

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>ANGEL ANTHONY FERNANDEZ,<br><br>Petitioner. | No. 55390-2-II<br><br>PUBLISHED OPINION |

PRICE, J. — Angel Anthony Fernandez brings this untimely personal restraint petition. He argues that the one-year time bar is inapplicable because *State v. Allen*[1] was a significant change in the law material to his conviction that should be applied retroactively and that he is entitled to relief. We determine that *Allen* is not material to Fernandez's conviction and dismiss his petition as time-barred.

### FACTS

Fernandez was charged with first degree premeditated murder with aggravating factors. The trial court instructed the jury regarding the crime of first degree premeditated murder, listing each element in the "to convict" instruction. Respondent's Br. App. B. The trial court gave the jury a separate instruction on the aggravating factor of first degree kidnapping for the jury to consider only if it found Fernandez guilty of first degree premeditated murder.

---

[1] 192 Wn.2d 526, 431 P.3d 117 (2018).

No. 55390-2-II

The jury found Fernandez guilty of first degree premeditated murder and also found the aggravating factor of first degree kidnapping. Fernandez was sentenced to life without parole. *State v. Osalde*, noted at 116 Wn. App. 1039, 2003 WL 1875588 (attached as Appendix A to Respondent's Brief in this case). Fernandez appealed his conviction. *Id.* We affirmed Fernandez's judgment and sentence, and a mandate was issued on October 8, 2003. *Id.*

Fernandez filed this personal restraint petition on August 21, 2020.

## ANALYSIS

### I. LEGAL PRINCIPLES

Generally, petitioners only have one year from the date their judgment becomes final to bring a personal restraint petition. RCW 10.73.090. Petitions filed after one year are time-barred unless an exception applies. RCW 10.73.100.

One such exception to the time bar occurs when a petitioner can identify (1) a significant change in the law, (2) that is material to their conviction or sentence, and (3) that applies retroactively. RCW 10.73.100(6); *State v. Miller*, 185 Wn.2d 111, 114, 371 P.3d 528 (2016).

Whether a change is material to a petitioner's conviction is a fact-specific inquiry that requires analysis on a case-by-case basis. *In re Pers. Restraint of Zamora*, 14 Wn. App. 2d 858, 863, 474 P.3d 1072 (2020).

### II. APPLICATION

The mandate in Fernandez's direct appeal was issued more than 18 years ago, but he argues that we should accept his personal restraint petition because our Supreme Court's decision in *Allen* was a significant change in the law that was material to his conviction and should be applied retroactively. We disagree.

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 55390-2-II

In *Allen*, the defendant was found guilty of premeditated first degree murder but acquitted by the jury of aggravating factors. 192 Wn.2d at 531. His conviction was subsequently overturned, but on remand, the State attempted to recharge him not only with the murder charge but also with the same aggravating factors of which he had been previously acquitted. *Id.* On appeal, our Supreme Court determined it was error to recharge him with the aggravating factors. *Id.* at 543-44. The aggravating factors, according to the court, were elements of a crime for double jeopardy purposes. *Id.* at 544.

Fernandez couples this holding from *Allen* with *State v. Smith*[2] to argue that his "to convict" instruction was defective. In *Smith*, the court determined that "a 'to convict' instruction must contain all the elements of the crime because it serves as a 'yardstick' by which the jury measures the evidence to determine guilt or innocence." 131 Wn.2d 258, 263. "[A]n instruction purporting to list all of the elements of a crime must in fact do so." *Id.* The court in *Smith* further held that "to convict" instructions are constitutionally defective where they purport to be complete statements of the law yet leave out elements of a crime, reasoning that "[i]t cannot be said that a defendant has had a fair trial if the jury must guess at the meaning of an essential element of a crime or if the jury might assume that an essential element need not be proved." *Id.*

Relying on both *Allen* and *Smith*, Fernandez argues that since aggravators are "essential elements" of the crime with which he was charged, his "to convict" jury instruction was required to contain those elements. Because his jury instructions utilized a special verdict form and a

---

[2] 131 Wn.2d 258, 263, 930 P.2d 917 (1997).

3

No. 55390-2-II

separate "to convict" instruction for his aggravators, Fernandez argues his instructions violated *Allen* and his conviction should be reversed. We disagree.

Adopting Fernandez's view of *Allen* would directly conflict with precedent from our Supreme Court. A bifurcated procedure of using special verdict forms (and associated "to convict" instructions) for aggravators has long been approved by our Supreme Court. *State v. Mills* 154 Wn.2d 1, 10, 109 P.3d 415 (2005). In *Mills*, the court stated:

> We hold that where the legislature has established a statutory framework which defines a base crime which is elevated to a greater crime if a certain fact is present, a trial court may, consistent with the guarantees of due process and trial by jury, bifurcate the elevating fact into a special verdict form. So long as the jury is instructed it must unanimously agree beyond a reasonable doubt before it may affirmatively answer the special verdict, the constitution is not offended.

*Id. Mills* approves the bifurcation of the verdict forms into one for the "base crime" and one for the "greater crime" and has coexisted for many years with *Smith*'s requirement that all elements of the crime be contained in the "to convict" instruction. *Smith*, then, does not stand for the proposition that all elements of the greatest possible crime charged must be included in the same instruction. Rather, reading *Mills* and *Smith* together, the more limited principle emerges that so long as the "to convict" instructions do not omit elements of the crimes they purport to address, bifurcated instructions are permissible.

Against this backdrop, Fernandez points to no authority to support his contention that *Allen*'s holding, with its discussion of double jeopardy, is intended to overrule *Mills*. Nothing in *Allen* indicates that it disturbs bifurcating jury instructions for aggravators, and we decline to

4

No. 55390-2-II

determine that the court's action overruled *Mills* sub silentio.[3]  In fact, even the underlying trial at issue in *Allen* utilized special jury verdicts for the aggravating factors, yet the decision makes no mention, much less criticism, of that procedure.

Ultimately, Fernandez's position fails because he conflates the concepts of elements of the crime from two different contexts.  *Allen*'s discussion of aggravator elements was limited to the question of double jeopardy.[4]  *Smith,* on the other hand, analyzed a very different question–specifically, whether a "to convict" instruction must include all elements of the underlying crime they purport to contain.

Fernandez argues that *Allen*'s holding cannot be limited to double jeopardy.  However, Fernandez fails to explain how the purpose behind the holding in *Allen* (protecting against a double jeopardy violation) relates to the purpose behind *Smith*'s requirement (ensuring "to convict" instructions include all the elements of the underlying crime), especially in the face of long-standing practice of the bifurcation of aggravators.[5]

---

[3] Where our Supreme Court has expressed a clear rule of law, it will not overrule it sub silentio. *Lunsford v. Saberhagen Holdings, Inc.*, 166 Wn.2d 264, 280, 208 P.3d 1092 (2009).

[4] Although the *Allen* court discussed principles from both the Fifth Amendment (double jeopardy clause) and the Sixth Amendment (right to trial by jury) to the U.S. Constitution in its reasoning, its holding is still principally one of double jeopardy.

[5] Fernandez also appears to argue that the jury was not required to find that the aggravators existed beyond a reasonable doubt in violation of *Mills*.  However, the instructions clearly stated that the State had the burden of proving each element of the crimes beyond a reasonable doubt and that the State had the burden of proving the aggravators beyond a reasonable doubt.

5

No. 55390-2-II

Because *Allen* does not materially affect Fernandez's conviction, he has failed to demonstrate that an exception to the time-bar exists. [6]

CONCLUSION

In conclusion, we determine that *Allen* is not material to Fernandez's conviction and dismiss his personal restrain petition as untimely.

_____
PRICE, J.

We concur:

_____
GLASGOW, A.C.J.

_____
WORSWICK, J.

---

[6] Even if we were to determine that *Allen* did overrule *Mills* and to-convict instructions must now contain aggravators, Fernandez has not even attempted to show that such a change would be material to his conviction. Because the jury in Fernandez's case found each element of the crime beyond a reasonable doubt, Fernandez has not shown a resulting error that materially affected his conviction.

6